FILED
2026 APR 23 AM 9:59
CLERK
U.S. DISTRICT COURT

**HEATH GABRIEL DEHART**

1095 S 900 E

St. George, UT 84790

Telephone: 801-616-1617

Email: Heath@routinefitness.com

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH SOUTHERN DIVISION**

| | |
|---|---|
| **HEATH GABRIEL DEHART**<br>Plaintiff,<br><br>V.<br><br>**FCA US LLC**<br>Defendant, | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>Case: 4:26−cv−00046<br>Assigned To : Kohler, Paul<br>Assign. Date : 4/23/2026<br>**Civil No.** _____ Description: Dehart v FCA US<br><br>**Magistrate Judge** _____ |

## 1. INTRODUCTION

1. This action arises from Defendant FCA US LLC's failure to repair a defective vehicle within a reasonable time as required under warranty and federal law, resulting in prolonged deprivation of use, financial harm, repossession of the vehicle, and ongoing credit damage to Plaintiff.

## 2. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.

3. The amount in controversy exceeds $75,000, exclusive of interest and costs.

1

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in Utah.

## 3. PARTIES

5. Plaintiff, Heath Gabriel DeHart, is an individual.

6. Defendant FCA US LLC is a foreign limited liability company doing business throughout the United States, including Utah.

## 4. FACTUAL ALLEGATIONS

7. On or about April 16, 2021, Plaintiff purchased a new 2021 Jeep Wrangler Unlimited Rubicon 4XE.

8. The vehicle was purchased for personal, family, and household use and came with express and implied warranties.

9. Shortly after purchase, the vehicle exhibited numerous defects, including but not limited to:

   ○ Hybrid system malfunction

   ○ Battery failure and inability to hold charge

   ○ Overheating

   ○ Electrical malfunctions

   ○ Sensor failures

   ○ Breaking failure

10. Plaintiff presented the vehicle for repair on multiple occasions.

11. Despite repair attempts, the defects persisted.

2

## 5. EXTENDED REPAIR FAILURE

12. In or around November 2021, Plaintiff delivered the vehicle for repair.

13. At that time, Defendant and its authorized representatives were unable to repair the vehicle and could not provide a timeline for repair.

14. The vehicle remained out of service and in the possession and control of Defendant and/or its authorized agents from November 2021 through May, 2023.

15. This period constitutes approximately eighteen (18) months during which Plaintiff was deprived of all use of the vehicle.

16. During this time:

- Defendant failed to repair the vehicle

- Defendant failed to provide a reasonable timeline

- Defendant failed to return the vehicle in working condition

## 6. RESULTING FINANCIAL IMPACT AND REPOSSESSION

17. As a direct result of Defendant's failure to repair the vehicle and prolonged deprivation of use, Plaintiff was left without the benefit of the vehicle.

18. Plaintiff was unable to continue making payments on a nonfunctional vehicle.

19. At some point in May, 2023, the vehicle was repossessed and subsequently resold.

## 7. CREDIT DAMAGE AND ONGOING HARM

20. The repossession caused severe and ongoing damage to Plaintiff's credit.

21. As a result, Plaintiff has been repeatedly denied financing opportunities, including but not limited to:

- Home loans

- Business loans

- Startup capital

22. Plaintiff has documented denial letters and measurable credit score decline.

23. Plaintiff was prevented from pursuing multiple business ventures, including:

- A telemedicine company

- A manufacturing company

- An electric motorcycle company

24. Plaintiff was also unable to obtain financing for real estate purchases prior to significant market appreciation, resulting in substantial lost equity opportunities.

## 8. EMOTIONAL AND NON-ECONOMIC IMPACT

25. As a direct and proximate result of Defendant's actions, Plaintiff has experienced:

- Ongoing financial instability

- Severe credit restriction

- Emotional distress and mental strain

- Daily stress impacting overall well-being

## CLAIMS FOR RELIEF

## COUNT I – BREACH OF EXPRESS WARRANTY

26. Defendant provided express warranties.

27. Defendant failed to repair defects within a reasonable time.

28. The warranty failed its essential purpose.

**COUNT II – BREACH OF IMPLIED WARRANTY**

29. The vehicle was not fit for its ordinary purpose.

30. Defendant breached implied warranties of merchantability.

**COUNT III – MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. § 2301)**

31. Defendant failed to comply with its obligations under federal warranty law.

32. Defendant failed to remedy defects within a reasonable time.

33. Plaintiff is entitled to damages, costs, and attorney fees.

**COUNT IV – REVOCATION OF ACCEPTANCE**

34. Plaintiff was deprived of the benefit of the vehicle.

35. The vehicle's defects substantially impaired its value.

36. Plaintiff is entitled to revocation of acceptance and damages.

**DAMAGES**

37. Plaintiff has suffered damages including:

- Purchase price and associated costs

- Loss of use for approximately 18 months

- Credit damage and financial harm

- Lost business opportunities

- Lost real estate opportunities

- Consequential economic losses

- Emotional distress and non-economic harm

5

38. Total damages are believed to exceed **$450,000 and may exceed several hundred thousand dollars**, to be proven at trial.

**PRAYER FOR RELIEF**

Plaintiff requests:

A. Judgment against Defendant

B. Compensatory damages in an amount to be proven at trial

C. Consequential and incidental damages

D. Attorney fees and costs (Magnuson-Moss)

E. Pre- and post-judgment interest

F. Any other relief deemed just and proper

---

**JURY DEMAND**

Plaintiff demands a trial by jury.

DATED: April, _21_, 2026

By: */s/ Heath Gabriel DeHart*
    Heath Gabriel DeHart
     Plaintiff, Pro Se

6