**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| HEATH GABRIEL DEHART,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 4:26-cv-00046<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court on a report and recommendation (the "R&R") from the Honorable Paul Kohler, who recommends that the Court grant in part and deny in part the motion to dismiss filed by Defendant FCA US LLC. As detailed below, the Court will adopt Judge Kohler's R&R.

In this action, Plaintiff Heath DeHart, proceeding pro se, asserts that FCA breached the warranty that it issued for DeHart's Jeep.[1] After DeHart filed his initial complaint, FCA filed a motion to dismiss, contending, among other things, that DeHart had failed to effect proper service.[2] In response, DeHart filed an amended complaint, which is now the operative pleading before the Court.[3] Together with the amended complaint, DeHart submitted an affidavit declaring that he served FCA by sending a summons and a copy of the original complaint to FCA's registered agent via certified mail.[4] He further declared that FCA's registered agent accepted service and provided

---

[1] *See* Dkt. No. 1 at 1–5.
[2] Dkt. No. 6 at 1, 4.
[3] *See* Dkt. No. 9 at 1.
[4] Dkt. No. 9-2 at 1–2.

a photograph of a signed return receipt.[5] FCA has now renewed its motion to dismiss, arguing again that it was not properly served.[6] FCA also asserts that DeHart's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).[7]

Judge Kohler recommends that FCA's motion be granted in part.[8] He points out that the Utah Rules of Civil Procedure—and, by extension, Rule 4 of the federal rules—permit mail service on LLCs like FCA, so long as an authorized agent of the applicable entity "signs a document indicating receipt." Utah R. Civ. P. 4(d)(1)(E), (2)(B); Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Judge Kohler also observes, however, that service must be accomplished by someone who is "not a party" to the case. Fed. R. Civ. P. 4(c)(2). Accordingly, because the record suggests that it was DeHart who mailed the summons and initial complaint to FCA's registered agent, Judge Kohler concludes that service on FCA was deficient.[9] Even so, Judge Kohler recommends that the Court give DeHart another opportunity to properly serve FCA instead of dismissing the case.[10] Because FCA has not been served, Judge Kohler further recommends that the Court refrain from addressing FCA's arguments under Rule 12(b)(6) at this juncture.[11]

The record indicates that copies of the R&R have been mailed to the parties, and in issuing the R&R, Judge Kohler advised that any objections from the parties were due within fourteen days of service of the R&R.[12] It has now been well over fourteen days since Judge Kohler issued the R&R,[13] and no objections have been filed.

---

[5] *Id.* at 2; Dkt. No. 9-3 at 1.
[6] Dkt. No. 11 at 1, 4–5.
[7] *Id.* at 1.
[8] Dkt. No. 15 at 1.
[9] Dkt. No. 15 at 2–3.
[10] *Id.* at 3.
[11] *Id.* at 3–4.
[12] *See id.* at 4.
[13] *See id.* at 5.

When no party objects to an R&R, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's note to 1983 addition. Because there is no clear error on the face of the record here, the Court ADOPTS the R&R. FCA's motion to dismiss (Dkt. No. 11) is GRANTED IN PART and DENIED IN PART. The Court quashes DeHart's prior attempt to serve FCA and directs DeHart to serve FCA in compliance with Rule 4.

DATED this 1st day of October 2026.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge